PRESIDENT AND DIRECTORS OF THE MANHATTAN COMPANY, Appellant, *v.* J. PIERPONT MORGAN and Others, Copartners, under and by the Firm Name of J. P. MORGAN & Co., and Another, Respondents.

First Department, June 12, 1925.

**Bills and notes — action to recover value of interim certificates entitling bearer to definitive Belgian bonds — certificate was stolen after delivery — certificates are not negotiable under Negotiable Instruments Law, § 20, and purchaser without notice is not holder in due course protected by Negotiable Instruments Law, §§ 96 and 98 — provision in certificates that banker issuing same might treat bearer as absolute owner and would not be affected by contrary notice does not make certificates negotiable.**

Interim certificates issued by bankers which provide that the bearer shall be entitled to definitive Belgian bonds upon surrender of certificates are not negotiable instruments within the meaning of section 20 of the Negotiable Instruments Law, and, therefore, one who comes into possession thereof after the certificates have been stolen, is not a holder in due course protected by the provisions of sections 96 and 98 of the Negotiable Instruments Law and does not acquire title good as against the lawful owner.

A provision in the certificates to the effect that the bankers issuing the same might treat the bearer as the absolute owner for all purposes, and that they would not be affected by any notice to the contrary, does not make the certificates negotiable, the stipulation of negotiability in a contract does not make the contract a negotiable one within the meaning of the Negotiable Instruments Law.

BURR, J., dissents.

APPEAL by the plaintiff, President and Directors of the Manhattan Company, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 21st day of June, 1924, upon the decision of the court rendered after a trial at the New York Special Term.

*John J. Kirby,* for the appellant.

*Stetson, Jennings & Russell* [*Otto C. Sommerich* of counsel; *Maxwell C. Katz* with him on the brief], for the respondents.

McAVOY, J.:

The learned trial court felt that it was bound by our decision in this case, reported in 199 Appellate Division, 767, in which it was ruled that certain *ad interim* certificates for $1,000 each were not negotiable, and that, therefore, they conferred no title on the plaintiff who had secured them through a person who had stolen them.

In June, 1920, defendants issued certain instruments in writing known as temporary receipts or certificates entitling the holder to receive a bond for $1,000 of the Kingdom of Belgium with coupons attached, when such bonds were delivered to the Morgan Company in definitive form, and upon surrender of the certificate and in exchange therefor. The temporary certificate contains a condition that every taker and holder of the certificate agrees that the Morgan Company may treat the bearer as the absolute owner thereof for all purposes, and that the Morgan Company shall not be affected by any notice to the contrary. This condition and the law merchant and custom of dealing in these certificates, it is claimed by the plaintiff, make these certificates negotiable.

In June, 1920, the National City Bank sold and delivered to one Henry Salomons three certificates, which are the subject of this action, for $2,928.13. On that very day, the 22d of June, 1920, the certificates were stolen from Henry Salomons by a burglar. Thereafter, one Jacobs delivered the certificates to the plaintiff for the purpose of selling the same and the plaintiff sold the certificates in the open market for $2,998.12. This sum was placed to the account of Jacobs in the bank of the plaintiff, of which Jacobs was a depositor. Jacobs thereafter drew out the moneys so deposited. When Salomons discovered the robbery of his certificates, which loss and failure to present and surrender same would prevent him from getting the definitive bonds when issued, he notified J. Pierpont Morgan & Co., and the plaintiff which had sold the bonds had to make good the loss to the brokers, and thus became repossessed of the bonds delivered to it by Jacobs.

The question now is, who should bear the loss, the owner of the bonds, Salomons, from whom they were stolen, or the plaintiff, whose title is based upon the stolen securities, but whose acquisition of the bonds was had without knowledge of the theft. This is to be determined from a consideration of whether or not these temporary certificates are negotiable within the language of the Negotiable Instruments Law. If they are negotiable instruments, title may be given to a person who purchased them in good faith for value and without notice. If they are not negotiable instruments, and not capable of being treated as such, the holder is not entitled to the rights conferred upon a holder in due course by sections 96 and 98 of the Negotiable Instruments Law.

In the decision which we made on the former appeal in 199 Appellate Division, 767, we then said: " These certificates are not negotiable instruments, and as such the holder is not entitled to the rights conferred upon a holder in due course by sections 96 and 98 of the Negotiable Instruments Law: 1. They do not contain

an unconditional promise or order to pay a sum certain in money. 2. They are not payable on demand or at a fixed or determinable future time.   3. They are not signed by the maker of the bond. They are merely agreements on the part of J. P. Morgan & Co. and the Guaranty Trust Company to deliver to bearer a bond of the Kingdom of Belgium.''

There are many cases in the English courts holding that such instruments as these are negotiable, but no ruling in this State indicates that they yet have been held so here.

While the clause which says that every taker and holder of the certificate agrees that Morgan & Co. may treat the bearer as the absolute owner, and that Morgan & Co. shall not be affected by any notice to the contrary, gives ground for the claim that they are intended to pass a good title on mere delivery, nevertheless this does not make for bringing these instruments into the negotiable instruments class.   This clause, apparently, was inserted for the benefit and protection of the bankers to be availed of at their option.   It did not, however, impose any obligation on the bankers to treat the bearer of certificates as the absolute owner.   The bankers might treat the holder as the real owner even though his title is subject to some defect or may be traced to an unlawful acquisition.   The fact that certificates are payable to bearer and state upon their face that all rights under and by virtue thereof pass by delivery does not render them negotiable.   Written contracts are not negotiable, because by their terms they are payable or inure to the benefit of the bearer.   It is the rule in law that even an express stipulation in a document that it is to be treated as a negotiable instrument is invalid as being against the general law.   This rule is pointed out in *Railroad Co.* v. *Howard.*(7 Wall. 392, 415).

It is beyond the competency of the parties by express stipulation to deprive the assignee of either the contract or the property represented by it of his right to take back his property from any one to whom a thief may have transferred it, even though the transferee took it in good faith for value.   Stipulations to the effect that such an instrument will be regarded as negotiable would be ineffectual. A party cannot create by its own act a transferable right of action on a contract.   These instruments are not negotiable because they do not fall within section 20 of the Negotiable Instruments Law. The Negotiable Instruments Law, adopted almost universally throughout this country, expressly provides that the only instruments which are negotiable are those complying with the requirements of that act.   Since the adoption of that law its provisions control and neither custom nor commercial usage in respect of the

nature of the document obtains. The Negotiable Instruments Law (§ 20) reads:

" An instrument to be negotiable *must* conform to the following requirements:

" 1. It must be in writing and signed by the maker or drawer;

" 2. Must contain an unconditional promise or order to pay a sum certain in money;

" 3. Must be payable on demand, or at a fixed or determinable future time; (See, also, Uniform Negotiable Instruments Act, § 1.)

" 4. Must be payable to order or to bearer; and

" 5. Where the instrument is addressed to a drawee, he must be named or otherwise indicated therein with reasonable certainty."

It is obvious that under our former decision and under these requirements of the Negotiable Instruments Law we must deny these certificates' negotiability, and, therefore, the judgment below was right since plaintiff acquired no title.

The judgment should be affirmed, with costs.

Clarke, P. J., Dowling and Merrell, JJ., concur; Burr, J., dissents.

Judgment affirmed, with costs.